■ In the Matter of G&S MANAGEMENT, INC., et al., Petitioners, v BARBARA J. FIALA et al., Respondents. [943 NYS2d 712]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Tracey A. Bannister, J.], entered September 16, 2011) to review a determination of respondents. The determination, inter alia,

suspended petitioners' used car dealer registration and imposed monetary penalties.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners, operators of a used car dealership, commenced this CPLR article 78 proceeding seeking to annul the determination that they violated Vehicle and Traffic Law §§ 417 and 415 (9) (d), as well as 15 NYCRR 78.11 (a) (15) (i), as made applicable by 15 NYCRR 78.11 (b). We reject petitioners' contention that the determination is not supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). At the vehicle safety hearing before the Administrative Law Judge (ALJ), respondents presented the testimony of an investigator and the complainant concerning the major rear seal oil leak and serious brake and steering defects in the vehicle at the time it was delivered to the complainant. Thus, the vehicle "was in no condition to render satisfactory service upon the public highway" as required by Vehicle and Traffic Law § 417, and petitioners' inspection of the vehicle was patently inadequate to detect those obvious problems (Matter of Port City Ford-Mercury v Adduci, 145 AD2d 941 [1988]). The finding of the ALJ with respect to the violation of that statute therefore is supported by substantial evidence and has a rational basis (see id.). Further, petitioners conceded that the complainant was overcharged for the cost of vehicle registration fees, and the complainant testified at the hearing that petitioners did not provide her with a copy of the Retail Certificate of Sale, i.e., form MV-50, at the time of sale and delivery. We therefore conclude that the determination that they violated Vehicle and Traffic Law § 415 (9) (d) and 15 NYCRR 78.11 (a) (15) (i) is supported by substantial evidence.

We reject petitioners' further contention that, because the vehicle safety hearing was not commenced within the 12 months of the filing of the complaint, dismissal of the charges is required (see 15 NYCRR 127.2 [b] [1]). The time period contained in the regulation is directory rather than mandatory, and a violation thereof does not require dismissal of the charges or annulment of the determination (see Matter of Dickinson v Daines, 15 NY3d 571, 575-576 [2010]).

We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Peradotto and Lindley, JJ.